UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**RENODE COLLINS (#313898)**                       CIVIL ACTION

**VERSUS**

**RICHARD L. STALDER, ET AL.**                    NO. 06-0163-A-M2


<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, January 9, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RENODE COLLINS (#313898)**                                    **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                                  **NO. 06-0163-A-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the plaintiff's motion for a default judgment, rec.doc.no. 21, and the defendants' motion to set aside default, as amended, see rec.doc.nos. 23 and 32.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard Stalder, Warden Burl Cain, Sgt. Curley Alfred, B. Johnson, and unidentified health care providers at LSP, alleging that the defendants have violated his constitutional rights in several respects, notably through forcing him to perform work which allegedly aggravated his medical condition and through deliberate indifference to his serious medical needs thereafter.

On December 17, 2007, upon the failure of the defendants, after service of process, to appear or respond to the

plaintiff's Complaint, the Clerk of Court entered a preliminary default against the defendants.  See rec.doc.no. 20.  The plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  In the meanwhile, the defendants have filed an Answer to the plaintiff's Complaint, asserting procedural and substantive defenses to the allegations made therein.  See rec.doc.nos. 22 and 30.  The defendants have also moved to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules.  See rec.doc.nos. 23 and 32.  In support thereof, counsel for the defendants asserts that the failure to respond timely to the plaintiff's Complaint was entirely inadvertent.  Moreover, counsel represents that Answers were filed shortly after the entry of default, and further asserts that the plaintiff will not be prejudiced by the grant of the instant motion to set aside the default judgment.

Rule 55(b)(2) provides that, after entry of default against a non-appearing defendant, the plaintiff must apply to the Court for entry of a judgment of default.  A judgment of default, however, is not a matter of right, and the awarding thereof is within the sound discretion of the district court.  Flaska v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968); Hanley v. Volpe, 48 F.R.D. 387 (E.D. Wis.

1970).  In addition, the decision to set aside an entered default lies within the sound discretion of the district court.  United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985), citing Traquth v. Zuck, 710 F.2d 90, 94 (2nd Cir. 1983).  Default judgments are not favored in the law, and a trial on the merits is generally seen as being more in the interest of justice and fair play.  See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 3d § 2690 (1998).

In determining whether to set aside an entered default, the district court should consider: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.  United States v. One Parcel of Real Property, supra, 763 F.2d at 183; Hibernia National Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985).  The standard for setting aside a default decree is less rigorous even than that for setting aside a judgment for excusable neglect.  United States v. One Parcel of Real Property, supra, 763 F.2d at 183.

Applying this standard to the instant case, the Court concludes that the entry of default should be vacated.  It appears clear that the failure of the defendants to file a

timely answer to the plaintiff's Complaint was not willful, that the minimal delays attendant to this failure will not prejudice the plaintiff in presenting his case, and that the defendants have raised defenses in their Answer which may prove meritorious. Accordingly, the Court finds that the scales are tipped in favor of vacating the default and allowing this case to proceed through discovery and, if necessary, to trial on the merits.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's motion for a default judgment, rec.doc.no. 21, be denied, and that the defendants' motion to set aside entry of default, as amended, see rec.doc.nos. 23 and 32, be granted, setting aside the default entered herein on December 17, 2007. It is the further recommendation of the Magistrate Judge that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, January 9, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**