UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENODE COLLINS (#313898)                               CIVIL ACTION

VERSUS

RICHARD L. STALDER, ET AL.                             NO. 06-0163-A-M2

O R D E R

This matter comes before the Court on the plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. Rec.doc.no. 33.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard Stalder, Warden Burl Cain, Sgt. Curley Alfred, B. Johnson, and unidentified health care providers at LSP, alleging that the defendants have violated his constitutional rights in several respects, notably through forcing him to perform work which allegedly aggravated his medical condition and through deliberate indifference to his serious medical needs thereafter.

The plaintiff now seeks injunctive relief, complaining that on December 20, 2007, after security officers advised him that they had learned of a preliminary default which the plaintiff had obtained against the defendants in this case, he was falsely accused of a sex offense, placed in administrative segregation without his legal work, and subjected to irritant spray by security officers not named as defendants in this litigation. The plaintiff prays for injunctive relief directing that there be no further retaliation taken against him a result of this lawsuit, that his legal work be returned to him, that he be transferred to another institution and/or that he be placed in protective custody at LSP.

In order to establish entitlement to injunctive relief, the plaintiff must satisfy four elements warranting such relief: (1) irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. <u>Canal Authority v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). The Court concludes that he has not met his burden in this regard. Whereas he alleges that he was exposed on one recent occasion to irritant spray by security officers not named as defendants in this litigation, there is no suggestion that such abuse, if it in fact occurred, has resulted in irreparable injury or is likely to do so in the future. Moreover, the events alleged are in no way factually connected to the named defendants or to the cause of action asserted in the plaintiff's Complaint. Accordingly, the Court concludes that the instant claim of physical abuse is susceptible of being adequately addressed in an ordinary proceeding. To the extent that the plaintiff believes that security officers have violated his constitutional rights through the use of excessive force and/or through retaliatory conduct, he should pursue these claims in a separate civil action. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for injunctive relief, rec.doc.no. 33, be and it is hereby **DENIED.**

Baton Rouge, Louisiana, this 10th day of January, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE