UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**RENODE COLLINS (#313898)**                                **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                              **NO. 06-0163-A-M2**


<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 9, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RENODE COLLINS (#313898)**                             **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                          **NO. 06-0163-A-M2**

### SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on referral back for further review in light of the plaintiff's objection to the Report and Recommendation previously issued. In his objection, the plaintiff asserts that he did in fact file an administrative grievance ("ARP") relative to the claim asserted by him in this lawsuit and that the dismissal of his case for failure to exhaust administrative remedies was therefore improper. In support of this assertion, he has provided the Court with copies of his initial grievance and the First Step and Second Step Responses to same.

Notwithstanding the plaintiff's assertions, the Court finds that the plaintiff's lawsuit continues to be subject to dismissal for failure to exhaust administrative remedies. In this regard, 42 U.S.C. § 1997e provides that, "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added). This statute clearly requires a state prisoner to exhaust available administrative remedies before filing a § 1983 lawsuit and precludes him from filing such suit while his administrative grievance is pending. See, e.g., Wendell v. Asher, 162 F.3d 887 (5th Cir. 1998). See also Harrison v. Stalder, 2006 WL 3524315

(E.D. La. Dec. 5, 2006) ("[grievance] has no relevance because it was still pending ... when plaintiff filed this lawsuit").

In the instant case, the evidence produced by the plaintiff reflects that his initial grievance, complaining that upon arrival at Camp D at LSP, he was forced to carry heavy loads in violation of his duty status, was placed on administrative backlog because he had one or more other grievances pending in the system. It appears that he received his First Step Response to this grievance sometime in May, 2006, because he signed and forwarded his request for a Second Step review to prison officials on May 24, 2006. The Second Step response to his grievance, which effectively finalized the prison administrative process, was dated October 3, 2006. However, inasmuch as his Complaint in this Court was filed in February, 2006, prior to his even receiving his initial response to the grievance, it is abundantly clear that he failed to exhaust administrative remedies prior to filing suit in this Court.

In Wendell v. Asher, supra, the Court noted:

> Absent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies be exhausted before the filing of suit should be imposed. To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.

(Emphasis in original)(Citations omitted). In the instant case, the plaintiff was clearly in the midst of his administrative procedure at the time that this lawsuit was filed. To allow him to concurrently pursue a federal court challenge before the administrative review was complete would undermine the congressional intent of § 1997e. Accordingly, this proceeding should be dismissed for failure to exhaust administrative remedies as mandated by this statute.

## RECOMMENDATION

Based upon the foregoing, it is still recommended that the plaintiff's motion for summary judgment, rec.doc.no. 34, be granted, dismissing the plaintiff's claims for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, April 9, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**