**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RENODE COLLINS (#313898)**                          **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                        **NO. 06-0163-JVP-CN**

**N O T I C E**

This matter comes before the Court on the plaintiff's Motion for Substitution, rec.doc.no. 96, pursuant to which he seeks to substitute a proper party-defendant in the place of deceased defendant Curley Alfred. See Suggestion of Death filed April 7, 2010, rec.doc.no. 82. This motion shall be denied.

Initially, the plaintiff requests that N. Burl Cain, the warden of the institution where defendant Alfred was employed, be substituted in the place of the deceased defendant. This request must be denied. The defendant's employer or supervising official does not legally stand in the deceased defendant's shoes for purposes of accepting liability for the defendant's personal obligations for his alleged wrongful acts.

The plaintiff next requests that the "John Doe holders of Mr. Alfred's estate" be substituted herein. This motion shall also be denied. Pursuant to Civil Code Article 734, the proper party-defendant in a lawsuit against a party who has subsequently expired is a succession representative. A "succession representative" may be an appointed administrator of the succession, a provisional administrator, an administrator of a vacant succession, an executor, or a dative testamentary executor. Civ. Code art. 2826(2). It is only if the heirs or legatees have already been placed in possession of the deceased's estate that these persons would then presumably be the proper party-

defendants to be substituted in the place of the decedent.  In any event, however, the unnamed and unidentified "John Doe holders of Mr. Alfred's estate" are not proper parties to this proceeding.  Further, it is the plaintiff's duty to determine whether or not the succession of Curley Alfred has been opened and whether there is in existence a succession representative, and if not, to initiate separate proceedings in state court to open the succession and to have a proper succession representative appointed and subsequently named as the defendant herein. See Jeffries v. Estate of Pruitt, 598 So.2d 379 (La. App. 1st Cir.), writ denied, 599 So.2d 306 (La. 1992).  Although the Courts of this Circuit have recognized that it may be difficult for a plaintiff to identify a proper party-defendant under these circumstances, see Ray v. Koester, 215 F.R.D. 533 (W.D. Tex. 2003), affirmed, 85 Fed.Appx. 983 (5th Cir. 2004), the proper remedy for such difficulty is an extension of time granted by the Court to the plaintiff to obtain the needed information. Accordingly, this Court will grant the plaintiff an additional extension of time in this case to identify a proper party-defendant to substitute in the place of defendant Curley Alfred.  The plaintiff is advised, however, that further extensions will be granted only upon a substantial showing by the plaintiff that such extensions are warranted.  As noted in Ray v. Koester, supra, "[t]here must be some point when the beneficiaries of the estate are protected from the claims against the deceased."  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Substitution, rec.doc.no. 96, be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff is hereby granted an extension of time of thirty (30) days from the date of this Order within which to file a proper motion to substitute pursuant to Rule 25 of the Federal Rules of Civil Procedure, identifying therein, with specificity, the person or persons to be substituted in the place of the deceased

defendant Curly Alfred.

Signed in chambers in Baton Rouge, Louisiana, January 6, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**