UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RENODE COLLINS (#313898)**　　　　　　　　　　　　　　CIVIL ACTION

**VERSUS**

**RICHARD L. STALDER, ET AL.**　　　　　　　　　　　　　NO. 06-0163-RET-CN

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, March 15, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RENODE COLLINS (#313898)**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**　　　　　　　　　　　　**NO. 06-0163-RET-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

　　This matter comes before the Court on the plaintiff's Motion to Substitute, rec.doc.no. 100.

　　The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard Stalder, Warden Burl Cain, Sgt. Curley Alfred, Health Care Provider Brooke Johnson (identified in the Complaint as "B. Johnson"), Health Care Providers Nos. 71, 17 and 66, and an unidentified "John Doe" physician employed at LSP. As pertinent to the issues remaining before this Court, the plaintiff alleges that on March 2, 2005, he was transferred to Camp D - Raven at LSP and was ordered by defendant Curley Alfred to remove property from a transport van. Although the plaintiff allegedly exhibited to defendant Alfred a duty status which provided that the plaintiff was not to use his right hand, the defendant allegedly compelled the plaintiff to carry two locker boxes weighing more than 100 pounds apiece, causing injury to the plaintiff's hand. When the plaintiff then requested emergency medical attention from defendant Alfred, the defendant allegedly denied this request.

　　On April 7, 2010, the defendants filed into the record of this proceeding, pursuant to Rule 25 of the Federal Rules of Civil Procedure, a Suggestion of Death, rec.doc.no. 82, informing the Court that defendant Curley Alfred was killed in a car accident on March 18, 2009.

Accordingly, pursuant to Rule 25, the Court entered a Notice, rec.doc.no. 92, advising the plaintiff that he must file a motion to substitute a proper party in the place of the deceased defendant or face the potential dismissal of his claims asserted against this defendant. In response to this Order, the plaintiff filed, on August 11, 2010, an initial Motion for Substitution, rec.doc.no. 94. This motion, however, did not identify a person or persons to be substituted in the place of the deceased defendant and prayed only "to have defendant substituted as required by law." Accordingly, by Order dated September 1, 2010, rec.doc.no. 95, the Court denied the plaintiff's motion and further advised him that it was necessary for him to name a specific person "in order that service of process may be undertaken and in order that the proper party-defendant may be brought before the Court", citing Ray v. Koester, 85 Fed.Appx. 983 (5th Cir. 2004). In addition, the Court provided the plaintiff with an extension of time within which to move to substitute a proper party-defendant. Id.

On September 23, 2010, the plaintiff filed a second Motion for Substitution, rec.doc.no. 96, this time seeking to substitute as defendants LSP Warden Burl Cain and "the John Doe holders of Mr. Alfred's estate." Again, however, the Court denied the plaintiff's motion, specifically because (1) the warden "does not legally stand in the deceased defendant's shoes for purposes of accepting liability for the defendant's personal obligations for his alleged wrongful acts", and (2) the plaintiff has named neither a "succession representative" as required under Articles 734 and 2826(2) of the Louisiana Civil Code, nor the heirs or legatees of the deceased in the event that the heirs or legatees have been judicially placed in possession of the deceased's estate. See rec.doc.no. 97. Recognizing that the plaintiff might encounter

difficulty in obtaining the necessary information, the Court granted the plaintiff a second extension of time in accordance with Ray v. Koester, 215 F.R.D. 533 (W.D. Tex. 2003), affirmed, 85 Fed.Appx. 983 (5th Cir. 2004). The Court specifically advised the plaintiff, however, that "further extensions will be granted only upon a substantial showing by the plaintiff that such extensions are warranted."

Finally, the plaintiff has now filed the instant Motion to Substitute, rec.doc.no. 100, yet he has again failed to identify any person who may be served and brought before the Court to respond to the plaintiff's claims. All that he requests is that an unnamed and unidentified "succession representative" of Curly Alfred be substituted in the place of the deceased defendant. Upon a finding by the Court that this motion is deficient, the Court recommends that the motion be denied.

Rule 25 of the Federal Rules of Civil Procedure states that unless a motion to substitute is filed within ninety (90) days after the suggestion of death of a party is filed into the record, "the action shall be dismissed as to the deceased party." The harshness of this Rule is mitigated by the discretion of the Court to grant extensions of time when the circumstances justify such extensions. See Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467 (2d Cir. 1998). However, although this Court is empowered to grant another extension, the Court concludes that the circumstances do not justify the extension. The plaintiff has been given three opportunities to substitute the proper party-defendant herein; he has been advised that he must name the person to be substituted with specificity so that that person may be served and brought before the Court; he has been advised regarding the legal titles or positions of the persons or persons who may legally stand in the place of the deceased defendant for this purpose; and he has been explicitly advised that no

further extensions would be granted in the absence of a substantial showing that such extensions were warranted. The plaintiff has made no attempt to show that he is any closer to identifying the person or persons who may be substituted in the place of the deceased defendant. It has been almost two years since the death of Curly Alfred, and as noted in <u>Ray v. Koester</u>, <u>supra</u>, "[t]here must be some point when the beneficiaries of the estate are protected from the claims against the deceased." Accordingly, it is appropriate that no further extensions be granted to the plaintiff and that the plaintiff's claims against the deceased defendant be dismissed.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's Motion to Substitute, rec.doc.no. 100, be denied, that the plaintiff's claims asserted against the deceased defendant, Curly Alfred, be dismissed, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, March 15, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**